FILED

NOT FOR PUBLICATION

OCT 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS J. COFFELT,

           Plaintiff - Appellant,

  v.

DAWSON, Doctor, and
CORRECTIONAL MEDICAL
SERVICES,

           Defendants - Appellees.

No. 09-35637

D.C. No. 1:07-CV-00419-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 19, 2010[**]

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Thomas J. Coffelt, an Idaho state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

medical needs in violation of the Eighth Amendment. We have jurisdiction under

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and its grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly dismissed the claims alleging deliberate indifference to medical needs prior to July 2007 because Coffelt failed to exhaust administrative remedies for those claims.  *See Woodford v. Ngo*, 548 U.S. 81, 90, 95 (2006) ("proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules).

The district court properly granted summary judgment on the remaining claims regarding medical care for Coffelt's swollen ankle because he failed to raise a triable issue as to whether defendants were deliberately indifferent to his medical needs.  *See Toguchi*, 391 F.3d at 1057 (a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health and safety); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (prison officials manifest deliberate indifference to a prisoner's medical needs when they deny, delay or intentionally interfere with medical treatment).

Coffelt's remaining contentions are unpersuasive.

**AFFIRMED.**